**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paulina Pappas, | No. CV-20-02016-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Medtronic Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to dismiss, which is fully briefed. (Docs. 11, 17, 18.) For the following reasons, the Court will grant Defendants' motion.[1]

**I. Background**

This case stems from injuries allegedly suffered by Paulina Pappas due to her use of a Medtronic SynchroMed II device (the "Device") that, after being implanted in December 2014, experienced catheter occlusion, resulting in medication underdosing beginning in October 2018. (Doc. 1 at 2, 7.) The Device, a Class III medical device approved by the U.S. Food and Drug Administration ("FDA") through the Premarket Approval ("PMA") process, is a programmable drug infusion system. It consists of infusion pump model no. 867-20 serial no. NGP410483H (the "Pump") connected to an Ascenda-brand model no. 8781 catheter lot no. N375880002 (the "Catheter"), and was

---

[1] The parties' requests for oral argument are denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

implanted and attached to Ms. Pappas' spinal canal to administer pain medication. (*Id.* at 4-6.) After noting the Device's lack of efficacy since mid-October 2018, on May 9, 2019, Ms. Pappas had the Pump explanted due to pump end-of-life, had the Catheter explanted due to obstruction, and had a new pump and catheter implanted. (*Id.* at 7.)

On October 19, 2020, Ms. Pappas filed a complaint against Defendants—Medtronic, Inc., Medtronic USA, Inc., Medtronic Logistics, LLC, and Medtronic Puerto Rico Operations Company—that brings claims for strict liability manufacturing defect and failure to warn the FDA, negligent manufacturing defect and failure to warn the FDA, negligence per se, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.[2] On February 9, 2021, Defendants filed the instant motion to dismiss for failure to state a claim, which is now ripe.

**II. Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

**III. Discussion**

In her response, Ms. Pappas withdrew her failure-to-warn-the-FDA claims (counts

---

[2] Ms. Pappas also asserts a claim for punitive damages. The Court does not recognize a stand-alone claim for punitive damages. Rather, punitive damages are a remedy available pursuant to certain claims.

III-IV) and implied warranty claims (counts VI-VII.)  (Doc. 17 at 3.)  The Court will therefore grant Defendants' motion as to counts 3, 4, 6, and 7 of Ms. Pappas' complaint.  Ms. Pappas' remaining claims, which are expressly preempted by federal law, are additionally subject to dismissal.

The Medical Device Amendments ("MDA") to the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 360k(a), create an exclusive federal regulatory framework applicable to Class III medical devices, including the Device.  In *Riegel*, the Supreme Court established a two-prong test to determine whether claims are expressly preempted by the MDA: (1) whether the FDA has established requirements applicable to the device at issue and (2) whether the claims in the case attempt to impose state requirements relating to safety and effectiveness that are different from, or in addition to the federal requirements.  *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 321-23 (2008).  The parties agree that the first prong is met, here.  Turning to the second prong, the complaint does not allege facts plausibly showing that Defendants deviated from PMA requirements as to the Device, underscoring that the claims must attempt to impose different or additional state requirements.  Therefore, express preemption test under *Riegel* is met.

A narrow exception to express preemption under § 360k(a) is recognized for claims that 'parallel,' rather than add to, federal requirements.  *Reigel*, 552 U.S. at 330.  However, Ms. Pappas has not plausibly pled any parallel claims, here.  "Plaintiffs cannot simply incant the magic words 'Medtronic violated FDA regulations' in order to avoid preemption."  *In re Medtronic Inc. Spring Fidelis Leads Prod. Liab. Litig.*, 592 F. Supp. 2d 1147, 1158 (D. Minn. 2009); *see also Thibodeau v. Cochlear Ltd.*, No. CV-13-02184-PHX-DGC, 2014 WL 3700868, at * 3 (D. Ariz. July 25, 2014) (internal quotations and citation omitted) ("An allegation that the manufacturing processes for the device . . . did not satisfy the [PMA] standards is insufficient to plead a parallel claim if it fails to provide any factual detail to substantiate that crucial allegation.")  Rather, "[t]o properly plead parallel claims that survive preemption, a plaintiff must allege facts (1) showing an alleged violation of FDA regulations or requirements related to [the device], and (2) establishing a

causal nexus between the alleged injury and the violation." *Martin v. Medtronic, Inc.*, 32 F. Supp. 3d 1026, 1034 (D. Ariz. 2014) (quoting *Edison v. Medtronic, Inc.*, 40 F. Supp. 1202, 1215 (N.D. Cal. 2014)).  Here, Ms. Pappas does not direct the Court to a specific manufacturing process that fell short of federal requirements or tie such a deficiency to the Catheter's obstruction.  Instead, she recites a list of regulatory actions, including unrelated warning letters and recalls regarding catheters that Plaintiff did not use, noting defects she does not allege, and addressing complications that she does not claim to have experienced.  Ms. Pappas admits that none of these regulatory actions are applicable to the Catheter, but asks the Court to speculate that the Catheter nevertheless suffered from some comparable defect.  Ms. Pappas' complaint fails to state a plausible claim for relief and dismissal is appropriate. *Iqbal*, 556 U.S. at 679.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and terminate this case.

Dated this 15th day of March, 2021.

Douglas L. Rayes
United States District Judge